JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Benyemuel Isreal pleaded guilty to two counts of aggravated robbery and a firearm specification. In exchange, the state dismissed four other counts and a second firearm specification, and proposed an agreed sentence of six years' incarceration. After a lengthy Crim.R. 11 colloquy, the trial court accepted the plea and imposed the agreed sentence in accordance with Ohio's sentencing statutes. The court sentenced Isreal to concurrent minimum terms of three years' incarceration for the two counts of aggravated robbery, and it made those terms consecutive to the mandatory three years of incarceration for the gun specification.
Isreal has appealed his conviction and sentence. Pursuant to Anders v.California,[1] Isreal's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Isreal's appeal. Appellate counsel has informed us that he has advised Isreal that he has not found any prejudicial errors, and he now asks us to review the record independently. Further, appellate counsel has moved to withdraw as counsel pursuant to Anders.
After reviewing the entire record,[2] we hold that it contains no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Cook because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.